UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:22-CR-00005-RLW |
| v. | ) |
| | ) |
| RYAN ROGER ELLINGBOE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

    The parties are the defendant Ryan Roger Ellingboe, represented by defense counsel Kevin B. Gau, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

    A.  **The Plea:**  Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count 1 of the Indictment, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

  **B.** **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that neither party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further recommend that any sentence imposed should run concurrently with the sentence imposed by the Circuit Court of Callaway County, State of Missouri, in *State v. Ellingboe*, Case No. 22CW-CR00035-01 (Callaway County, MO). The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3. **ELEMENTS:**

  (i) Defendant was in the custody of the Bureau of Prisons, confined in Residential Reentry Center Dismas House;

  (ii) the custody was by virtue of a judgment and sentence in the United States District Court for the Western District of Missouri, Case No. 2:15-CR-04030-SRB-2;

  (iii) Defendant left custody without authorization by willfully failing to remain within the extended limits of his confinement; and

  (iv) in so doing, Defendant knew that he was leaving custody without authorization.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On May 16, 2016, the U.S. District Court for the Western District of Missouri sentenced Defendant to eighty (80) months in prison for one count of conspiracy to distribute 500g or more of methamphetamine in violation of 21 U.S.C. §§ 841, 846. On January 21, 2021, the U.S. District Court for the Western District of Missouri revoked Defendant's supervised release and sentenced Defendant to 1 year and 1 day in prison. Defendant was transferred to Dismas House on August 11, 2021.

On October 15, 2021, Defendant signed out for work at 5:54 am with a scheduled return time of 5:00 pm. Defendant failed to return to Dismas House as scheduled, and thereby failed to remain within the extended limits of his confinement at that facility. On January 3, 2022, Defendant was arrested in Callaway County, Missouri.

5. **STATUTORY PENALTIES:**

Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than 5 years, a fine of not more than $250,000, or both such imprisonment and fine, and a period of supervised release of not more than 3 years.

6. **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History

Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    A.    **Chapter 2 Offense Conduct:**

        i.    **Base Offense Level:**  The parties agree that the Base Offense Level is 13, as found in Section 2P1.1(a)(1).

        ii.    **Specific Offense Characteristics:**  The parties agree that the reduction found in Section 2P1.1(b)(3) does not apply because Defendant, while away from Dismas House, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more.

    B.    **Chapter 3 Adjustments:**

        i.    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and if Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the

information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

  C. **Chapter 5 Adjustment**: Defendant may request an adjustment at the time of sentencing pursuant to Sentencing Guidelines Section 5G1.3, and the United States reserves the right to oppose such adjustment.

  D. **Estimated Total Offense Level:** The parties agree that the Total Offense Level for Count 1 is 13.

  E. **Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

  F. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   A. **Appeal:** Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   i. **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   ii. **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences Defendant within or below that range, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.[1] Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences Defendant within or above the determined Sentencing Guidelines range.

   B. **Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   C. **Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

---

[1] As part of this agreement, the parties waive all rights to appeal the Court's determination of a departure pursuant to Sentencing Guidelines Section 5B1.3(b) as detailed in Paragraph 6(C) of this agreement.

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.  **OTHER:**

    A.  **Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

    B.  **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

    C.  **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

    D.  **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of

sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  E. **Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  F. **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

  G. **Forfeiture:** Defendant agrees to forfeit all of Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of Defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be

protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

Case: 4:22-cr-00005-RLW   Doc. #:  28   Filed: 12/21/22   Page: 11 of 11 PageID #: 73
12/09/2022 FRI 16:02  FAX                                                    ⌀011/011

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement that deal with charges the United States agrees to dismiss or not to bring.

12/13/2022
Date

_____
Joshua M. Jones
Assistant United States Attorney

12-9-22
Date

_____
Ryan Roger Ellingboe
Defendant

12/12/22
Date

_____
Kevin B. Gau
Attorney for Defendant