**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )   | |
| Plaintiff,    ) | |
| )   | |
| v.    ) | No. 4:22-CR-5 RLW |
| )   | |
| RYAN ROGER ELLINGBOE,    ) | |
| )   | |
| Defendant.    ) | |

### MEMORANDUM AND ORDER

This closed criminal matter is before the Court on Defendant Ryan Roger Ellingboe's pro se letter (ECF No. 43). The letter "ask[s] for a Rule 36" and requests that Defendant be resentenced because the federal Bureau of Prisons has not given Defendant good time credit or run his sentence concurrent to a state sentence as the Judgment directs. (Id. at 1.) The Court construes the letter as a motion seeking credit for time served and challenging sentence computation under 18 U.S.C. § 3585. The United States opposes the motion (ECF No. 46). Defendant filed another letter (ECF No. 53) asking for immediate release, that the Court construes as a Reply in support.

For the following reasons, Defendant's motion is denied without prejudice for lack of jurisdiction.

As an initial matter, Rule 36 of the Federal Rules of Criminal Procedure does not authorize a court to modify a sentence at any time. United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994); United States v. Nguyen, 671 F. App'x 404, 405 (8th Cir. 2016) (citing Tramp). Instead, Rule 36 authorizes a court to correct a clerical error in a judgment at any time. See United States v. Yakle, 463 F.3d 810, 811 (8th Cir. 2006) (per curiam) (Rule 36 relief is

available only for "mere scrivener's mistake"). Defendant's motion does not allege facts indicating that a clerical error exists in the Judgment. Instead, Defendant claims the federal Bureau of Prisons is not properly carrying out the Judgment. The Court therefore lacks authority under Rule 36 to grant Defendant the relief he seeks.

Defendant is advised that the Court lacks jurisdiction to address issues of credit for time served or jail time computation. Under 18 U.S.C. § 3585, questions concerning jail time computations are exclusively within the jurisdiction of the federal Bureau of Prisons. The Attorney General of the United States, acting through the Bureau of Prisons, must make initial sentence credit decisions under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

An inmate's claim seeking credit for time served or challenging sentence computation must be presented first to the Bureau of Prisons. Pardue, 363 F.3d at 699. Administrative procedures exist within the Bureau of Prisons to review such claims. See id. A habeas corpus action under 28 U.S.C. § 2241 is the proper way to challenge a BOP failure to credit a defendant for time served or a sentence computation error, but such an action can be brought only after administrative remedies have been exhausted by presenting the claim to the BOP. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). Once administrative remedies have been exhausted, any such action must be filed against the inmate's custodian in the judicial district of incarceration, not the district of sentencing.  See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

Defendant Ellingboe may consult his BOP case manager for further information about the BOP's administrative procedures. Because Defendant is incarcerated at FCI McDowell in Welch, West Virginia, any § 2241 habeas action concerning credit for time served or sentence

computation must be filed in the United States District Court for the Southern District of West Virginia, and not this Court.

For these reasons, the Court lacks jurisdiction over Defendant's motion seeking credit for time served and challenging sentence computation, and the motion must be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ryan Roger Ellingboe's pro se letter (ECF No. 43), construed as a motion seeking credit for time served and challenging sentence computation under 18 U.S.C. § 3585, is **DENIED without prejudice**, for lack of jurisdiction.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of April, 2024.